## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**STEVEN E. GREER,**

        **Plaintiff,**

    v.

**SUSAN HARRELD,** *et al.*,

        **Defendants.**

:

        **Case No. 2:24-cv-1237**
        **Chief Judge Sarah D. Morrison**
        **Magistrate Judge Chelsey M.**
        **Vascura**

:

### OPINION AND ORDER

This matter is before the Court on Defendants' Second Motion to Dismiss pursuant to Federal Rule 12(b)(6), or, in the alternative, Federal Rule 12(c). (Mot., ECF No. 72.) For the reasons below, the Motion is **DENIED**.

### I.    BACKGROUND

The full factual and procedural background for this case was set forth in the Court's January 3, 2025 Order. (*See* ECF No. 70.) That background is incorporated by reference and is supplemented below.

In March 2024, Steven Greer filed this lawsuit against his estranged siblings and their spouses – Susan and Mike Harreld (his sister and brother-in-law); Cynthia Hall (his sister); and Edward and Sarah Greer (his brother and sister-in-law).[1] (Am. Compl., ECF No. 10.)

---

[1] Steven also named Martha Greer, Nickolas McCoy, David Ison, Robert Dunn, and Christopher Tackett as defendants, but they have been dismissed since then. (*See* ECF Nos. 33, 40, 41, 70.)

Relevant here, Steven stored several personal items between his parents'
home in Delaware, Ohio and their storage building in Ashley, Ohio. (*Id.*, PAGEID #
435.) He left his high school memorabilia, model planes, and gifts from his father –
a firearm and a novelty car –at his parents' home. (*Id.*, PAGEID # 343, 435.) Steven
also stored several lawn mowers at his parents' storage building. (*Id.*, PAGEID #
435.)

Beginning in December 2021, Defendants cleaned out his parents' home and
storage building. (Am. Compl. Ex. 24, ECF No. 10-24., PAGEID # 548.) Steven
alleges that Defendants stole his high school memorabilia, model planes, and
firearm and Susan sold the novelty car and lawn mowers. (Am. Compl., PAGEID #
435.)

Steven filed this action, alleging (among other things) civil theft and
conspiracy to commit civil theft against Defendants. (Am. Compl.) In response,
Defendants filed a motion to dismiss pursuant to Federal Rule 12(b)(6), but that
motion did not address the civil theft claim or the civil conspiracy claim to the
extent it was based on theft. (ECF No. 36.) The Court granted that Motion in part.
(ECF No. 70.) Following the Court's Order, Defendants have moved for dismissal of
the only two remaining claims. (Mot.)

## II.  MOTION TO DISMISS

### A.  Legal Standard

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim,
a Court must "construe the complaint in the light most favorable to the plaintiff,
accept its allegations as true, and draw all reasonable inferences in favor of the

plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). A Rule 12(c) motion should be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Id.*

### B.     Analysis

Defendants bring their Second Motion to Dismiss under Federal Rule 12(b)(6), seeking dismissal of Steven's civil theft and conspiracy claims. (Mot.) In the alternative, Defendants ask the Court to construe their Motion as a Rule 12(c) motion for judgment on the pleadings. (Mot., PAGEID # 928 f.n. 1.) But their Motion has significant procedural defects that the Court cannot overlook.

### 1.    Defendants' Rule 12(b)(6) motion is procedurally improper.

Federal Rule 12(g) provides that "[e]xcept as provided in Rule 12(h)(2) or (3)[2],

a party that makes a motion under this rule must not make another motion under

this rule raising a defense or objection that was available to the party but omitted

from its earlier motion." *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC,*

848 F. Supp. 2d 818, 823 (S.D. Ohio 2012) (Frost, J.) (citing Fed. R. Civ. P. 12(g)(2)).

Though some courts have been willing to forgive 12(g) problems "[w]here there is no

evidence that a successive Rule 12 motion would create an unjust delay or facilitate

an abuse in motion practice," a court need not turn a blind eye to this procedural

defect. *Novo Nordisk, Inc. v. DCA Pharm.,* 745 F. Supp. 3d 626, 631 (M.D. Tenn.

2024). (collecting cases). A court's "intentional procedural error – permitting the

second motion to dismiss – in the interest of judicial economy just because the Sixth

Circuit *may* forgive that error on appeal" is insufficient. *Id.* (citing *Dowell v.*

*Bernhardt,* No. 3:19-CV-105, 2020 WL 13644144, at *2 (M.D. Tenn. April 12, 2020.)

In this case, Rule 12(g) bars Defendants' Second Motion. In May 2024,

Defendants filed their initial Rule 12(b)(6) motion to dismiss, without addressing

Steven's civil theft (Count VIII) and civil conspiracy to commit civil theft (Count IX)

claims. Now they argue that the Court should dismiss these claims because Steven

failed to state a claim upon which relief can be granted and his claims are barred by

the statute of limitations. Because those arguments were available at the time they

---

[2] Federal Rule 12(h) provides an exception to the Rule 12(g) requirements: 1) when the Rule 7(a) pleadings or a court order allow such a motion, by a motion under 12(c), or at trial. Fed. R. Civ. P. 12(h). None of the 12(h) exceptions apply here.

filed their first motion to dismiss, Defendants could have (and should have) raised

them in their initial motion.

Defendants argue that the Court should exercise its discretion to consider

their second motion to dismiss because of the unique circumstances present here.

They go on to explain that Steven's Amended Complaint is facially invalid, and it is

reasonable to consider the defects outlined in their Motion. While the Court agrees

that the Amended Complaint is hundreds of pages long and is incoherent at times,

Steven has pled civil theft and civil conspiracy claims. And Defendants have not

explained why they did not address the civil theft and conspiracy claims in their

initial 12(b)(6) motion. After all, "[t]he policy behind Rule 12(g) is to prevent

piecemeal litigation in which a defendant moves to dismiss on one ground, loses,

then files a second motion on another ground." *Novo Nordisk, Inc.,* 745 F. Supp. 3d

at 631 (quotation omitted).

Thus, to the extent that Defendants' Second Motion to Dismiss is based on

Rule 12(b)(6), the Motion is **DENIED**.

**2.    Defendants' Rule 12(c) motion is procedurally improper.**

Defendants have also moved in the alternative for judgment on the pleadings

under Federal Rule 12(c). Generally, a court may construe a post-answer Rule

12(b)(6) motion as one being brought under Rule 12(c). *Zehala v. Am. Express*, No.

2:10-CV-848, 2011 WL 4484297, at *2 f.n. 1 (S.D. Ohio Sept. 26, 2011) (Watson, J.).

Rule 12(c) provides that a defendant may move for judgment on the pleadings

"[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ.

P. 12(c). "[T]he pleadings are not closed until all defendants have filed an answer."

*Gorsha v. Greenwich Ins. Co.*, No. 2:20-CV-110, 2021 WL 1721020, at *1 f.n. 1 (S.D.

Ohio April 30, 2021) (Graham, J.) (quoting *Habeeba's Dance of the Arts, Ltd. v.

Knoblauch*, No. 2:05-CV-926, 2006 WL 968642, at *2 (S.D. Ohio Apr. 10, 2006)

(Graham, J.).

Defendants have not filed an answer to the Amended Complaint, so they

cannot rely on Rule 12(c) to save their Motion.

Accordingly, to the extent that Defendants' Second Motion to Dismiss is

based on Rule 12(c), the Motion is **DENIED**.

## III.    CONCLUSION

For the reasons stated above, Defendants' Second Motion to Dismiss (ECF

No. 72) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

6