UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN E. GREER,

      Plaintiff,

  v.

SUSAN HARRELD, *et al.*,

      Defendants.

:

Case No. 2:24-cv-1237
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

:

## OPINION AND ORDER

Following some motion practice, Steven E. Greer's only remaining claims relate to allegations that his estranged siblings and their spouses stole his personal belongings. Now before the Court are Defendants' Motion for Judgment on the Pleadings[1] and Steven's Motion for Judgment on the Pleadings and to Strike Defendants' Motion for Judgment on the Pleadings. (ECF Nos. 102, 109.)

### I.    FACTUAL BACKGROUND

A fuller factual and procedural background was set forth in the Court's January 3, 2025 Order. (*See* ECF No. 70.) That background is incorporated by reference.

Relevant here, Steven stored several personal items between his parents' home in Delaware, Ohio and their storage building in Ashley, Ohio. (Am. Compl., ECF No. 10, PAGEID # 435.) He left his high school memorabilia, remote-control

---

[1] Defendant Edward Bryan Greer was not listed as joining in the Defendants' Motion for Judgment on the Pleadings. Because the analysis below applies equally to him, the Court will consider him as a moving party as well.

planes and model ships ("Models"), and gifts from his father (a firearm and a novelty car) at his parents' home; he stored golf course lawn mowers at the storage building. (*Id.*, PAGEID # 343, 435.)

Beginning in December 2021, Defendants cleaned out Steven's parents' home and storage building. (ECF No. 10-24, PAGEID # 548.) Steven alleges that some of his high school memorabilia was returned to him, but he is missing sentimental items like his sports awards. (Am. Compl., PAGEID # 435.) In addition, he alleges that Defendants admitted to taking his firearm, that Cindy admitted to taking the Models, and that Susan sold the novelty car and lawn mowers. (*Id.*)

Steven filed his first lawsuit against Defendants in September 2022. (*Greer v. Harreld*, Case No. 2:22-cv-3443-SDM-CMV, hereinafter "*Greer I*"). He voluntarily dismissed that suit in April 2023. (*Greer I*, ECF No. 56.)

Almost a year after that dismissal, in March 2024, Steven filed this lawsuit.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings brought by a defendant under Federal Rule of Civil Procedure 12(c) is analyzed just as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed

2

factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A motion for judgment on the pleadings should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

When there are cross motions for judgment on the pleadings, a court's review of a plaintiff's motion for judgment on the pleadings "should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Ohio Nat'l Life Ins. Co. v. Cetera Advisor Networks, LLC*, No. 1:19-CV-47, 2021 WL 2819838, at *2 (S.D. Ohio July 7, 2021) (Cole, J.) *(*quoting *Lowden v. Cnty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010) (citations omitted)). The Court does not review the plaintiff's motion for judgment on the pleadings on the merits as it does on a Rule 12(b)(6) motion. (*Id.*) "Rather, the Court also looks to the factual allegations in the defendant's answer and determines whether, 'on the undenied facts alleged in the complaint ... the plaintiff is entitled to judgment as a matter of law.'" (*Id.*) (quoting *Lowden*, 709 F. Supp. 2d at 546).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either

3

direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

    **A.    DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

In their Motion, Defendants argue that they are entitled to judgment on the pleadings because 1) Steven's civil theft and conspiracy to commit civil theft allegations are barred by the statute of limitations, and 2) he fails to plausibly allege claims for civil theft and conspiracy to commit civil theft.

    **1.    Statute of Limitations**

Ohio law permits a plaintiff to bring a civil claim for a theft offense under Ohio Rev. Code § 2307.60 and to recover damages pursuant to Ohio Rev. Code § 2307.61. Ohio Rev. Code § 2307.60 does not contain an express statutory limitation period, so the Court must look to Ohio's general limitations statutes. *Garner v. Cleveland Clinic Found.*, No. 1:23-cv-2258, 2024 WL 2803376, at *13 (N.D. Ohio May 29, 2024). There are two general limitations statutes that would seem to apply to a civil theft claim. First is Ohio Rev. Code § 2305.11(A), which states that "an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued." The second is Ohio Rev. Code § 2305.07(B), which provides that "[a]n action upon a liability created by statute other than a forfeiture or penalty shall be brought within six years after the cause of action accrued."

4

The Ohio Supreme Court has not addressed which of these statutes applies to civil theft claims. Several courts have concluded that Ohio Rev. Code § 2307.60 is penal in nature and so applied the one-year statute of limitations. *See, e.g., Duffey v. Pope*, No. 2:11-cv-16, 2012 WL 4442753, at *7, (S.D. Ohio Sept. 25, 2012) (Deavers, M.J.); *Brack v. Budish*, 539 F. Supp. 3d 794, 800 (N.D. Ohio 2021) (noting that every court that had yet considered the question found that the one-year limitation applies because § 2307.60 allows for punitive damages and attorneys' fees); *Steinbrick v. Cleveland Elec. Illuminating Co.*, No. 66035, 1994 WL 463817, at *2 (Ohio Ct. App. Aug. 25, 1994) ("[B]ecause R.C. 2307.60 contemplates a penalty, we find that R.C. 2305.11(A) is the applicable statute of limitations.").

Conversely, the Ohio Tenth District Court of Appeals recently concluded that § 2307.60 is remedial in nature—not punitive. *Harris v. Cunix*, 187 N.E.3d 582, 584 (Ohio Ct. App. 2022). That court found that (1) the statute is intended to compensate victims rather than to punish the offender; (2) the statute provides a basis for compensating victims; and (3) even though the statute permits the recovery of punitive damages, its overall purpose is to compensate the victim for the harm suffered. *Id.* at 593 (citing *Cosgrove v. Williamsburg of Cincinnati Mgmt. Co.*, 638 N.E.2d 991 (Ohio 1994)). Thus, the *Harris* court broke from the then-existing line of cases to conclude "that R.C. 2307.60(A)(1) is a remedial statute subject to the six-year statute of limitations in R.C. 2305.07(B) rather than a penalty statute governed by the one-year statute of limitations in R.C. 2305.11(A)." *Id.* at 591.

5

Since *Harris* was decided, both federal and state courts, including this one, have applied the six-year statute of limitations to civil theft claims. *See Hi-Vac Corp. v. Coley*, No. 2:23-CV-4184, 2024 WL 4266014, at *12 (S.D. Ohio Sept. 23, 2024) (Morrison, J.); *Garner v. Cleveland Clinic Found.*, 735 F. Supp. 3d 867, 887 (N.D. Ohio 2024); *America's Wholesale Outlet LLC v. Eckert*, 259 N.E.3d 809, ¶ 64 (Ohio Ct. App. 2024). This Court again applies the six-year statute of limitations to a § 2307.60 claim.

"The party asserting a statute of limitations defense has the burden of proving that a claim is time barred." *Whittle v. Procter & Gamble*, 589 F. Supp. 2d 944, 949 (S.D. Ohio 2008) (Holschuh, J.). While Defendants argue that the statute of limitations is one year, they make no attempt to show that Steven's allegations fall outside of the applicable six-year statute of limitations. Defendants thus fail to satisfy their burden to show that Steven's civil theft and conspiracy to commit civil theft claims are time-barred.

### 2. Failure to State a Claim

#### a) *Civil Theft*

Ohio law allows a plaintiff who has been injured by a criminal act to recover damages in a civil action. Ohio Rev. Code §§ 2307.60, 2307.61. The crime of theft is defined as follows:

> (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
>
> > (1) Without the consent of the owner or person authorized to give consent;

6

>> (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
>
> (3) By deception;
>
> (4) By threat;
>
> (5) By intimidation.

Ohio Rev. Code § 2913.01.

Defendants argue that Steven provides little-to-no detail about how the high school memorabilia was stolen. The Court agrees. Steven alleges that he stored high school memorabilia at his parent's home and that when Defendants cleaned out the home, they returned some personal items to him; he claims his sports awards are still "missing." But alleging that some items are missing is not enough to reasonably infer that a theft occurred. To the extent that the Defendants' Motion seeks judgment on Steven's claims relating to the high school memorabilia, the Motion is **GRANTED.**

As for the remaining items, Defendants argue that Steven's description of the Models and lawn mowers is insufficient to put them on notice of what exactly was stolen. But Steven has met the minimal pleading requirement of a short and plain statement—namely, alleging that Cindy admitted to stealing his Models, and Susan sold his lawn mowers. (Am. Compl., PAGEID # 435.) Defendants next argue that Steven did not own the firearm or the novelty car. But Steven has alleged that he is the owner of the firearm and novelty car. (*Id.*) Accepting Steven's allegations as true, he has stated a plausible claim for relief. The Defendants' Motion is **DENIED** as to the Models, lawn mowers, firearm, and novelty car.

7

### b) *Civil Conspiracy*

Because Steven has sufficiently alleged an underlying civil theft claim for the Models, lawn mowers, firearm, and novelty car, Defendants' Motion as to Steven's civil conspiracy claim is **DENIED** to the same extent.

### B. STEVEN'S MOTION FOR JUDGMENT ON THE PLEADINGS

Steven moved for judgment on the pleadings, arguing that Defendants admitted to the balance of his allegations because they did not respond to each of his allegations in their Answer. (ECF No. 109.) Steven's Amended Complaint, however, is hundreds of pages and unnumbered and Defendants summarily denied his allegations in their Answer. (ECF No. 98.) Defendants did not admit any of Steven's factual allegations that would support judgment as a matter of law. Steven's Motion is **DENIED**.

### III. STEVEN'S MOTION TO STRIKE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Steven's Motion to Strike is **DENIED.**

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings (ECF No. 102) is **GRANTED** as to Steven's civil theft and civil conspiracy claims based on his high school memorabilia. Defendants' Motion is **DENIED** in all other respects.

Steven's Motion for Judgment on the Pleadings (ECF No. 109) is **DENIED**.

Steven's Motion to Strike Defendants' Motion for Judgment on the Pleadings (ECF No. 109) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**