Case: 2:24-cv-01237-SDM-CMV Doc #: 184 Filed: 04/14/26 Page: 1 of 3  PAGEID #: 1947

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

STEVEN E. GREER,

              Plaintiff,          :

                                Case No. 2:24-cv-1237
    v.                       Chief Judge Sarah D. Morrison
                                Magistrate Judge Chelsey M.
                                Vascura

SUSAN HARRELD, *et al.*,

              Defendants.    :

<u>**ORDER**</u>

"In federal courts, the maxim, 'if at first you don't succeed, try, try again' does not apply." *In re Moncier*, 488 F. App'x 57, 60 (6th Cir. 2012). Presumably unaware of this rule, Plaintiff is back before the Court on another attempt to blame others for his own actions (or lack thereof), this time in the form of a Motion for an Extension of Time to Complete Discovery. (ECF No. 182.)

But this is not the first time the Court has addressed this issue. Indeed, on February 24 the Court extended the discovery period to April 10 to allow Plaintiff to take Defendants' depositions on April 6 and 7. (ECF No. 142.) Plaintiff noticed those depositions on March 29. The notice, provided to the Court by Defendants' counsel, stated that a stenographic transcript would be made and that the video and audio of the Zoom deposition would not be recorded or used. Yet when the time came to take those depositions, Plaintiff did not have a court reporter to make a stenographic transcript. Rather than accept responsibility for his own mistake, Plaintiff opted to

instead email the Court (an all-too-familiar choice for Plaintiff) to compel

Defendants' counsel to allow Plaintiff to record the depositions by different means:

Lawyer Tackett is refusing to participate in Bryan Greer's 4:00 deposition because he claims a notice did not allow recording. I am forced to record because I only have a notary to swear in. Court Reporter Kimmel stated this was fine and it is part of the court rules. Please compel Tackett.

Steven E. Greer, MD
(212) 945-7252
About Me

The Court denied Plaintiff's request. (ECF No. 170.)

Plaintiff did not stop there. He moved for sanctions against Defendants' counsel and to compel the depositions for which he was unprepared. (ECF Nos. 171, 172, and 178.) The Court denied Plaintiff's motions and objections. (ECF Nos. 175, 180, and 183.)

Finding no luck in compelling the depositions, Plaintiff now asks the Court to extend the case schedule so that he has time to follow the rules. But it's too late. He has provided no support to show good cause exists here. And his *pro se* status does not serve as an excuse for his behavior in this case, "for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In federal court "[i]f at first you don't succeed, quit, or appeal. Don't persist in asking the same court for permission to do what has already been prohibited." *In re Moncier*, 488 F. App'x at 60.

Plaintiff's Motion (ECF No. 182) is **DENIED**.


    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
